UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANDREW GILL, | ) |
| | ) |
| Plaintiff, | ) |
| | )  Civil Action No. 1:23-cv-02117 (UNA) |
| v. | ) |
| | ) |
| STEVEN VIOREL, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

This matter is before the Court on its initial review of plaintiff's *pro se* complaint, ECF No. 1, and application for leave to proceed *in forma pauperis*, ECF No. 2. The Court will grant the *in forma pauperis* application and dismiss the case pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), by which the Court is required to dismiss a case "at any time" if it determines that the action is frivolous.

"A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint that lacks "an arguable basis either in law or in fact" is frivolous, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and a "complaint plainly abusive of the judicial process is properly typed malicious," *Crisafi v. Holland*, 655 F.2d 1305, 1309 (D.C. Cir. 1981).

Plaintiff, a resident of the District of Columbia, sues 28 defendants for damages, although how the defendants are connected to one another, or how the intended claims are connected to the defendants, if at all, is impossible to decipher. The 60-page prolix complaint fails to formally comply with Federal Rule 10(a) and D.C. Local Civil Rule 5.1(d), (e), and (g), and is

incomprehensible, covering a wide range of disparate topics, and is comprised mostly of personal ruminations and conspiracy theories.

This Court cannot exercise subject matter jurisdiction over a frivolous complaint. *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) ("Over the years, this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.'") (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904)); *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009) (examining cases dismissed "for patent insubstantiality," including where the plaintiff allegedly "was subjected to a campaign of surveillance and harassment deriving from uncertain origins."). So a court is obligated to dismiss a complaint as frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible," *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), or "postulat[e] events and circumstances of a wholly fanciful kind," *Crisafi*, 655 F.2d at 1307–08. The instant complaint falls squarely into this category. In addition to failing to state a claim for relief or establish this Court's jurisdiction, the complaint is frivolous on its face.

Consequently, this case will be dismissed without prejudice. A separate order accompanies this memorandum opinion.

Date: 7/31/23

TREVOR N. McFADDEN
United States District Judge